United States Court of Appeals
Fifth Circuit

**F I L E D**

September 30, 2005

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

————————

No. 04-41195

(Summary Calendar)

————————

FREDDIE LEE WALKER,

Plaintiff-Appellant,

versus

SAMMY BUENTELLO; KENNETH W LEE; J P GUYTON; LUCIO CASTRO,

Defendants - Appellees.

————————————————————————————————

Appeal from the United States District Court
For the Eastern District of Texas
USDC No. 6:04-CV-247-WMS-JKG

————————————————————————————————

Before SMITH, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Freddie Lee Walker ("Walker"), a Texas state prisoner, appeals the 28 U.S.C. § 1915A(b)(1)

dismissal of his 42 U.S.C. § 1983 suit, which alleged constitutional violations arising from his

————————

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

classification as a confirmed member of a security threat group ("STG"). Following that classification, Walker was transferred to Minimum-In-Housing, received a different work assignment, and lost his "trusty" status. The district court dismissed Walker's suit as frivolous.

Walker first argues that the district court erred in dismissing as frivolous his due process claims that he was deprived of notice and an opportunity to review the evidence supporting a finding that he was an STG member. This court reviews dismissals under 28 U.S.C. § 1915A *de novo*. *Velasquez v. Woods*, 329 F.3d 420, 421 (5th Cir. 2003). Walker has not identified a constitutionally cognizable liberty interest in connection with his classification, either as an STG member or with respect to this "trusty" status, or in the resulting housing and work changes. *See Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995) (holding that prisoner's placement in administrative segregation, due to allegedly false information in his file indicating that he was a member of a prison gang, did not constitute a deprivation of a constitutionally cognizable liberty interest); *Jackson v. Cain*, 864 F.2d 1235, 1247 (5th Cir. 1989) ("[A] prisoner has no constitutional right to a specific work assignment."). The district court did not err in dismissing Walker's claims as frivolous. *Neitzke v. Williams*, 490 U.S. 319, 327-328 (1989) ("Examples of [frivolous claims] are. . . claims of infringement of a legal interest which clearly does not exist, like [respondent's] claim that his transfer within the reformatory violated his rights under the Due Process clause."). Walker has abandoned any retaliation claim by failing to adequately brief this argument on appeal. *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987) ("[Appellant's] abrupt assertion [in his brief] does not remotely suggest grounds for reversal.").

Walker next argues that the district court erred in dismissing his claims with prejudice and without considering his objections to the magistrate's report or conducting an evidentiary hearing.

The district court's order of dismissal reflects that the court did consider Walker's objections to the magistrate judge's report in dismissing Walker's complaint. Walker has shown no error in the district court's dismissal of his complaint with prejudice. *See Marts v. Hines*, 117 F.3d 1504, 1506 (5th Cir. 1997) (en banc) (construing 28 U.S.C. § 1915 and stating that, in an *in forma pauperis* proceeding, dismissals are treated as being with prejudice unless the district court specifies otherwise). Walker has also shown no error in the district court's dismissal of his complaint without first conducting a *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), hearing. If a deficient complaint *in forma pauperis* might be remedied through greater factual development, a district court should hold an evidentiary hearing to allow the defendant to state his best case. *Taylor v. Johnson*, 257 F.3d 470, 474 (5th Cir. 2001). Walker's allegations were deficient, however, not because he had not had an adequate opportunity to develop the facts of his case, but because the facts he alleged did not rise to the level of a constitutional violation.

The district court's dismissal of Walker's complaint counts as a strike for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996) ("[A]ffirmance of a district court dismissal as frivolous counts as a single 'strike.'"). Walker is cautioned that if he accumulates three strikes, he will no longer be allowed to proceed *in forma pauperis* in any civil action or appeal filed while he is detained or incarcerated in any facility unless he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

AFFIRMED; SANCTION WARNING ISSUED.