United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 8, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-11251
Summary Calendar
_____

THELONIOUS VELASQUEZ,

                              Plaintiff-Appellant,

versus

S.O. WOODS, Chairman of Classification; EMILY K. TINSLEY,
Unit Chief of Classification; JOHN BAINES, Director of
Nurses; DONALD GATLIN, ACP II; NORMA SOUTHERN, Unit
Grievance Investigator; VAY ENDERS, Medical Records
Supervisor; M. SNELGROOES, Unit Parole Counselor;
DEBORAH TAYLOR, Lab Tech,

                              Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas

--------------------

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:

     Thelonious Velasquez filed a civil rights action challenging

the collection of a DNA sample by prison officials for

registration in a DNA database pursuant to TEX. GOVT. CODE

§ 411.148.  Velasquez contended that the determination that he

fell within the scope of the statute was based upon erroneous

information in his prison records.  Velasquez contended that the

refusal by the defendants to correct his records had resulted in

the denial of his release on parole.  Velasquez sought damages

and injunctive relief, including the deletion of his DNA sample from the state database.

Velasquez consented to entry of judgment by the magistrate judge. The magistrate judge concluded that Velasquez had failed to allege a violation of a constitutional right. The magistrate judge dismissed the civil rights complaint as frivolous pursuant to 28 U.S.C. §§ 1915A & 1915(e)(2), and 42 U.S.C. § 1997e(c)(1). The magistrate judge dismissed any habeas claims asserted in the complaint without prejudice. Velasquez gave timely notice of his appeal.

We review the magistrate judge's dismissal of a complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) for an abuse of discretion. See Harper v. Showers, 174 F.3d 716, 718 & n.3 (5th Cir. 1999). The standard of review of dismissals under 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c)(1) is de novo. See Ruiz v. United States, 160 F.3d 273, 275 (5th Cir. 1998). Because the magistrate judge referred to all three statutes in dismissing Velasquez' claims, we review the issues raised on appeal de novo.

Velasquez contends that the compelled collection of a DNA sample from him pursuant to state statute violated his rights under the Fourth Amendment. Every circuit court to consider this issue has held that the collection of DNA samples from felons pursuant to similar statutes does not violate the Fourth Amendment. See Shaffer v. Saffle, 148 F.3d 1180, 1181 (10th Cir. 1998) ("while obtaining DNA samples implicates Fourth Amendment

concerns, it is reasonable in light of an inmate's diminished privacy rights, the minimal intrusion involved, and the legitimate government interest in using DNA to investigate and prosecute crimes"); <u>Rise v. Oregon</u>, 59 F.3d 1556, 1559–62 (9th Cir. 1995) (same); <u>Jones v. Murray</u>, 962 F.2d 302, 306–08 (4th Cir. 1992) (same); <u>see also</u> <u>Roe v. Marcotte</u>, 193 F.3d 72, 78–82 (2d Cir. 1999) (compelled DNA testing valid under "special needs" exception to warrant requirement).  In light of these persuasive authorities, we hold that the magistrate judge did not err in dismissing this claim as frivolous.

Velasquez contends also that the defendants violated his right to due process by refusing to expunge false information from his prison record.  The magistrate judge did not err in concluding that this claim does not involve a violation of a constitutional right.  <u>See</u> <u>Johnson v. Rodriquez</u>, 110 F.3d 299, 308 & n.13 (5th Cir. 1997).  The judgment is

AFFIRMED.