United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 20, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 03-50936
Conference Calendar

---

ALAN QUINN LUCAS,

Plaintiff-Appellant,

versus

DIRECTOR, TEXAS DEPARTMENT OF PUBLIC SAFETY; ET AL.,

Defendants,

DIRECTOR, TEXAS DEPARTMENT OF PUBLIC SAFETY; DIRECTOR, TEXAS
DEPARTMENT OF CRIMINAL JUSTICE INSTITUTIONAL DIVISION,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. A-02-CV-831-JN
--------------------

Before JOLLY, JONES, and SMITH, Circuit Judges.

PER CURIAM:*

Alan Quinn Lucas, Texas prisoner # 363715, appeals the grant
of summary judgment in favor of the defendants in his civil-
rights suit. Lucas challenges the constitutionality of TEX. GOV'T
CODE § 411.148 and related sections, which require that certain
inmates provide prison officials with blood samples for purposes
of creating a DNA database.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Lucas's argument that the district court should not have applied the "special needs" exception to the warrant requirement to uphold the constitutionality of § 411.148 is without merit. The district court denied Lucas's complaint based on this court's decision in Velasquez v. Woods, 329 F.3d 420, 421 (5th Cir. 2003). In Velasquez, this court rejected the argument that § 411.148 violates the Fourth Amendment. Id. The Velasquez decision was not based on the "special needs" exception to the warrant requirement. Id.

Lucas's argument that prison policies enforcing the collection of blood samples pursuant to § 411.148 are invalid under Turner v. Safley, 482 U.S. 78, 89 (1987), because they infringe on his constitutional rights and serve no penological objective is also without merit. Because the collection of a blood sample from an inmate for DNA analysis is a reasonable search and does not violate the Fourth Amendment, the Turner analysis is inapplicable.

Lucas makes no argument regarding the claims he raised in district court that the collection of his blood for DNA analysis violates his Eighth, Fifth, and Fourteenth Amendment rights. He, therefore, has waived these arguments. See Cinel v. Connick, 15 F.3d 1338, 1345 (5th Cir. 1994).

The judgment of the district court is AFFIRMED.