United States Court of Appeals
Fifth Circuit

**F I L E D**

June 22, 2004

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-10082
Conference Calendar

_____

FRANK NELSON,

Plaintiff-Appellant,

versus

FORT WORTH, TEXAS; TEXAS DEPARTMENT OF
CRIMINAL JUSTICE; TARRANT COUNTY, TEXAS,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:03-CV-1365-A
--------------------

Before BARKSDALE, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Frank Nelson, Texas prisoner # 723135, appeals from the
dismissal of his 42 U.S.C. § 1983 lawsuit for failure to state a
claim pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A(b). This court
reviews dismissals under § 1915A de novo. Velasquez v. Woods,
329 F.3d 420, 421 (5th Cir. 2003).

Nelson contends that the Texas Penal Code is void because
the code has not been authenticated as required under the Texas
Constitution and the trial court therefore lacked jurisdiction

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

over his case. Nelson did not raise this argument in the district court. "It is a bedrock principle of appellate review that claims raised for the first time on appeal will not be considered." Stewart Glass & Mirror, Inc. v. U.S. Auto Glass Disc. Ctrs., Inc., 200 F.3d 307, 316-17 (5th Cir. 2000).

Nelson asserts that the district court misinterpreted his amended complaint and that his conviction is invalid. In Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), the Supreme Court barred the recovery of damages under 42 U.S.C. § 1983 for an "allegedly unconstitutional conviction or imprisonment" unless the conviction or sentence had "been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal . . . , or called into question by a federal court's issuance of a writ of habeas corpus[.]" A civil rights claim arising out of "a conviction or sentence that has not been so invalidated is not cognizable under § 1983." Id. at 487. Because the district court did not err in dismissing Nelson's complaint pursuant to 28 U.S.C. § 1915A(b), this court need not determine whether the dismissal was also justified under 28 U.S.C. § 1915(e)(2).

Nelson's appeal is without arguable merit and is frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, it is DISMISSED. See 5TH CIR. R. 42.2. The dismissal of this appeal as frivolous counts as a "strike" for purposes of 28 U.S.C. § 1915(g), as does the district court's dismissal. See Adepegba v. Hammons, 103 F.3d

383, 387-88 (5th Cir. 1996).  We warn Nelson that if he accumulates three "strikes" under 28 U.S.C. § 1915(g), he will not be able to proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

APPEAL DISMISSED; STRIKE WARNING ISSUED.