United States Court of Appeals
Fifth Circuit

**F I L E D**

June 23, 2004

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-60055
Conference Calendar

_____

JOSE PARRA,

                                        Plaintiff-Appellant,

versus

BUREAU OF PRISONS; UNKNOWN PETTIFORD,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 5:03-CV-537-BrSu
--------------------

Before BARKSDALE, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:*

     Jose Parra, federal prisoner # 94642-012, appeals the
dismissal of his complaint for failure to state a claim.  Parra
asserted that the defendants had violated both internal policy
and his constitutional rights by transferring him from a facility
in California to a facility in Mississippi.  This court reviews
dismissals under 28 U.S.C. § 1915A for failure to state a claim
de novo.  Velasquez v. Woods, 329 F.3d 420, 421 (5th Cir. 2003).

---

     * Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

A prisoner has no constitutional right to be housed in a particular facility. Olim v. Wakinekona, 461 U.S. 238, 244-46 (1983); see also 18 U.S.C. § 3621(b) ("The Bureau [of Prisons] may at any time . . . direct the transfer of a prisoner from one penal or correctional facility to another."). The transfer of a prisoner from one prison to another does not impose atypical or significant hardships in relation to the ordinary incidents of prison life and, thus, it is not actionable as a deprivation of constitutionally protected liberties. Olim, 461 U.S. at 245-46; Sandin v. Conner, 515 U.S. 472, 484 (1995). The failure of officials to comply with their own regulations also does not state a constitutional claim. See Jackson v. Cain, 864 F.2d 1235, 1251-52 (5th Cir. 1989).

Parra's appeal is without arguable merit and is dismissed as frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983); 5TH CIR. R. 42.2. The dismissal of the complaint for failure to state a claim and the dismissal of this appeal as frivolous both count as "strikes" under 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996). Parra is cautioned that if he accumulates three "strikes," he will not be able to proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

APPEAL DISMISSED; SANCTIONS WARNING ISSUED.