United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 29, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-20486
Summary Calendar
_____

EUGENE LAUE,

Plaintiff-Appellant,

versus

GARY JOHNSON; SAMMY BUENTELLO, Assistant Director of
Classification; LETICIA MCQUEEN; ALFRED JANICEK, JR., Warden;
JOHNNY ARMSTRONG; BILL CHEATHAM; CAY CANNON; PAMELA FRANKS;
GARY GRIFFITH; STEPHEN RODGERS; VANESSA SINEGAURE; KELLY B.
STRONG; JONI M. WHITE; JOHN WYETH,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:04-CV-1112
--------------------

Before WIENER, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:*

Eugene Laue, Texas prisoner # 255017, appeals the district

court's dismissal of his 42 U.S.C. § 1983 complaint as frivolous

pursuant to 28 U.S.C. § 1915A.  Laue challenges his continued

incarceration in administrative segregation despite his

renunciation of his gang membership.  This court reviews

dismissals under 28 U.S.C. § 1915A <u>de novo</u>.  <u>Velasquez v. Woods</u>,

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

329 F.3d 420, 421 (5th Cir. 2003). A complaint may be dismissed as frivolous "if it lacks any arguable basis in law or fact." Harris v. Hegmann, 198 F.3d 153, 156 (5th Cir. 1999).

Because Laue has alleged that his placement in administrative segregation was not based on his initial classification, review is under the familiar test of Sandin v. Conner, 515 U.S. 472 (1995). See Wilkerson v. Stalder, 329 F.3d 431, 436 (5th Cir. 2003), cert. denied, 124 S. Ct. 432 (2003). We will assume arguendo that Laue's eight years of confinement in administrative segregation constitutes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 484.

The ultimate question is whether a prisoner was afforded the process he was due under the Constitution. See Sandin, 515 U.S. at 483-84. Laue's pleadings do not specifically allege how the prison's review procedures were insufficient. However, the grievances he submitted reflect that prison officials have investigated his renunciation of his gang membership, that officials have determined his renunciation to be valid, and that he is awaiting placement in a special program for former gang members. We conclude that Laue's complaint does not reflect that he has been denied due process.

AFFIRMED.