United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 28, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 04-41286
Summary Calendar

_____

ALVIN CHARLES DUNCAN,

Plaintiff-Appellant,

versus

O. PEREZ, Garza West Unit;
BALLARD, Unit Health Administrator,
Garza West Unit; WALLACE, Chief of
Classification, Garza West Unit,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:04-CV-377

_____

Before GARWOOD, JOLLY, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Alvin Charles Duncan, a prisoner of the Texas Department of
Criminal Justice proceeding *pro se* and *in forma pauperis*, brought
this 42 U.S.C. § 1983 suit against three employees of the facility

---

[*]Pursuant to 5TH CIR. R. 47.5 the Court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

1

where he was temporarily incarcerated. Duncan, who is suing the three defendants in their individual capacities, alleged in his complaint that his Fourth, Fifth, Eighth, and Fourteenth Amendment rights were violated when he was ordered to surrender a blood sample for inclusion in a DNA database. The district court, before the defendants were ever served, adopted the report and recommendation of the magistrate judge and *sua sponte* dismissed Duncan's suit with prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. Duncan appeals and we affirm.

Duncan, while on parole from confinement under a prior Texas felony conviction, was convicted in a Texas court in June 2002 of burglary of a building on or about September 27, 2001, and was sentenced to five years' imprisonment, and his parole was revoked and he was returned to the Texas prison system. As part of his readmission to the Texas prison system, he underwent a mandatory physical exam, including an ordinary blood test required under Texas law for the purpose of maintaining a DNA database. *See* TEX. GOV'T CODE ANN. § 411.148(a) (as effective September 1, 2001). Duncan initially refused to submit to the blood test but relented when he was told that his blood would be taken by force.

We review a dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) *de novo* under the same standard used for FED. R. CIV. P. 12(b)(6). *Hart v. Harrison*, 343 F.3d 762, 763-64 (5th Cir. 2003). To state a claim in an individual capacity suit under section 1983, a claimant

must allege the violation of a clearly established constitutional right by a person acting under color of law. *See, e.g., Saucier v. Katz*, 121 S. Ct. 2151 (2001).

Duncan has not alleged the violation of any constitutional right, much less a clearly established one. As a preliminary matter, to the extent that any constitutional claim exists, it is solely by way of the Fourteenth Amendment because Duncan has sued state actors. *See, e.g., Albright v. Oliver*, 114 S. Ct. 807, 832 n. 28 (1994). His Fourth Amendment claim, as incorporated by the Fourteenth, fails because the collection of blood from prisoners for a DNA database is constitutional. *Groceman v. U.S. Dept. of Justice*, 354 F.3d 411, 413-14 (5th Cir. 2004); *Velasquez v. Woods*, 329 F.3d 420, 421 (5th Cir. 2003). His Fifth Amendment claim fails because it merely duplicates his Fourteenth Amendment claim. His Eighth Amendment claim, as incorporated by the Fourteenth, fails because there is no allegation in his complaint that his blood was extracted as an "unnecessary and wanton infliction of pain." *Wilson v. Seiter*, 111 S. Ct. 2321, 2323 (1991) (quotation marks, citation, and emphasis omitted). Blood tests "involve[s] virtually no risk, trauma or pain." *Skinner v. Railway Labor Executives' Ass'n*, 489 U.S. 602, 625 (1989). Finally, his Fourteenth Amendment claim fails because the allegations of his complaint cannot plausibly be characterized as anything other than a violation of the Fourth Amendment, which, as just noted, is not a viable claim.

3

The district court's dismissal constitutes a strike for the purposes of the three-strikes provision of 28 U.S.C. § 1915(g). *See generally Adepegba v. Hammons*, 103 F.3d 383 (5th Cir. 1996). Duncan is cautioned that once he accumulates three strikes he will not be permitted to proceed *in forma pauperis* in any civil action or appeal while he is incarcerated or detained in any facility unless he is in imminent danger of serious physical injury.

## Conclusion

For the foregoing reasons, the judgment of the district court is

AFFIRMED.