United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 25, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-31079
Summary Calendar

JOHN GENE SIMON, SR.,

Plaintiff-Appellant,

versus

BETH LUNDY; TONY MANCUSO; DAVID F. WAGONER; POLICE DEPARTMENT
CITY OF LAKE CHARLES; DON DIXON; CANDY LEWIS; GARY SENS,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:04-CV-1094-JTT
--------------------

Before JOLLY, DAVIS and OWEN, Circuit Judges.

PER CURIAM:*

John Gene Simon, Sr., Louisiana prisoner #246547, appeals
the district court's dismissal of his 28 U.S.C. § 1983 action as
frivolous and for failure to state a claim upon which relief may
be granted. Simon argues that the district court erred by
dismissing his complaint without giving him the opportunity to
amend it. He further asserts that he stated a viable Fourth
Amendment claim for the taking of DNA samples from him, a viable

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Fourth Amendment claim for false imprisonment, and a viable Fourteenth Amendment claim for malicious prosecution.

Simon's complaint was thorough and gave a detailed explanation of the claims he was raising. Furthermore, Simon could have attempted to amend his complaint between the issuance of the magistrate judge's report and recommendation and the district court's dismissal. The only specific amendment that Simon states that he wishes to make would be futile. Accordingly, the district court did not err by dismissing Simon's complaint without expressly giving him the opportunity to amend it. See Jones v. Greninger, 188 F.3d 322, 327 (5th Cir. 1999).

The district court did not err by dismissing Simon's Fourth Amendment claim for the taking of DNA samples from him. See Velasquez v. Woods, 329 F.3d 420, 421 (5th Cir. 2003). Even disregarding the only statement of Dee Simon that was arguably protected by the marital communications privilege, the evidence presented at the preliminary hearing established that there was probable cause to arrest and detain Simon on the first-degree murder charge that was later dismissed. See Sorenson v. Ferrie, 134 F.3d 325, 328 (5th Cir. 1998); United States v. Martin, 615 F.2d 318, 323-27 (5th Cir. 1980). Accordingly, the district court did not err by dismissing Simon's Fourth Amendment false imprisonment claim. See Brown v. Lyford, 243 F.3d 185, 189 (5th Cir. 2001). As the remainder of his claims were not viable, the district court did not err by dismissing Simon's Fourteenth

Amendment claim for malicious prosecution.  See Castellano v. Fragozo, 352 F.3d 939, 942 (5th Cir. 2003) (en banc) (malicious prosecution, standing alone, is not a constitutional violation).

Simon's appeal is without arguable merit and is frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Accordingly, it is DISMISSED.  See 5TH CIR. R. 42.2.  Both the district court's dismissal of the complaint and our dismissal of the instant appeal count as "strikes" for purposes of 28 U.S.C. § 1915(g).  See Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996).  The dismissal of Simon's complaint as frivolous and for failure to state a claim upon which relief may be granted in the companion case of Simon v. Dixon, No. 2:04-CV-782 (W.D. Tex. Aug. 30, 2004) (unpublished), counts as an additional strike.  See 28 U.S.C. § 1915(g).  Simon has now accumulated three strikes under 28 U.S.C. § 1915(g), and he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

APPEAL DISMISSED AS FRIVOLOUS; 28 U.S.C. § 1915(g) BAR IMPOSED