United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 22, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-20221
Summary Calendar
_____

LARRY D. SWAIN,

Plaintiff-Appellant,

versus

DAVID A. PRICE, TDCJ Correctional Managed Care;
LOWRY E. POWERS, TDCJ Correctional Managed Care;
DR. BETTY J. WILLIAMS, TDCJ Correctional Managed
Care; JOHN DOE, TDCJ-ID Pharmacist; SHANTA
CRAWFORD; JACKIE L. EDWARDS, Warden II,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:04-CV-1643
--------------------

Before JONES, WIENER, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Larry D. Swain, a Texas prisoner (# 379845), appeals from the district court's sua sponte order dismissing his pro se 42 U.S.C. § 1983 civil rights action as frivolous, pursuant to 28 U.S.C. § 1915A(b)(1).

In his complaint, Swain sued several officials at his prison: physician's assistants ("PA") David Price and Lowry Powers, physician Dr. Betty Williams, a "John Doe" pharmacist,

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

medical administrator Shanta Crawford, and Warden Jackie Edwards. Swain's allegations arose out of the treatment that he received for a urinary tract infection he developed in late 2003. Swain also asserted a claim under the Americans with Disabilities Act ("ADA").

Swain has failed to brief any claim against defendant pharmacist "John Doe" and any claim under the ADA. These claims are effectively abandoned. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993); FED. R. APP. P. 28(a)(9).

The Cruel and Unusual Punishment Clause protects an inmate from improper medical care, but only if the care is "sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). A prison official acts with deliberate indifference "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Farmer v. Brennan, 511 U.S. 825, 847 (1994). "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837. We review the district court's dismissal under § 1915A de novo. Velasquez v. Woods, 329 F.3d 420, 421 (5th Cir. 2003).

As observed by the district court, Swain's own allegations reflect that he was seen repeatedly by defendant PA Price and that Price gave him different medications in an effort to

alleviate Swain's infection.  Moreover, although defendant PA Powers allegedly ran Swain out of his office on November 25, 2003, Swain has alleged that Powers did give him certain medications for his problem.  Swain's allegations are insufficient to show that either Price or Powers had subjective awareness that he faced a substantial risk of serious medical harm.  See Farmer, 511 U.S. at 837.  The same is true of his allegations against Dr. Williams.  Against all three of these defendants Swain has alleged no more than inadequate or medical negligent care, which is insufficient to establish an Eighth Amendment violation.  Victoria W. v. Larpenter, 369 F.3d 475, 483 (5th Cir. 2004).

For the first time in a motion to alter or amend the judgment, Swain explicitly alleged that PA Powers was responsible for cutting off medication prescribed for him by a specialist on December 15, 2003, and that Dr. Williams fabricated a "computer error" to cover up Powers's alleged misdeed.  Because Swain did not file a notice of appeal from the district court's denial of his postjudgment motion, these allegations are not properly before the court.  See Reeves v. Collins, 27 F.3d 174, 177 (5th Cir. 1994); FED. R. APP. P. 4(a)(4)(B)(ii).

Swain's allegations against the supervisory defendants, Crawford and Edwards, are insufficient to establish a personal connection between these defendants and Swain's claims against them.  The claims against these defendants are based on

unsupported assumptions that they knew about Swain's problems and failed to act. Swain is effectively relying on a respondeat superior theory that is not cognizable under 42 U.S.C. § 1983. See Thompson v. Belt, 828 F.2d 298, 303 (5th Cir. 1987).

The judgment of the district court is AFFIRMED. Swain's motion for appointment of counsel is DENIED.