United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 11, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-40609
Conference Calendar
_____

MICHAEL LYNN BRADDEN,

                                        Plaintiff-Appellant,

versus

AUREL L. ADAMS; MURRY A. FUNDERBURG,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:04-CV-462
--------------------

Before JONES, Chief Judge, and JOLLY and DAVIS, Circuit Judges.

PER CURIAM:[*]

     Michael Lynn Bradden, Texas inmate No. 1171646, has appealed
the dismissal of his in forma pauperis (IFP) civil rights
complaint pursuant to 28 U.S.C. § 1915A(b).  Section 1915A
directs the district court to dismiss sua sponte any frivolous
complaint filed by a prisoner against a "governmental entity or
officer or employee of a governmental entity."  28 U.S.C.
§ 1915A(b).  A complaint is frivolous if it lacks an arguable

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

basis in fact or if it is based on an indisputably meritless legal theory. Berry v. Brady, 192 F.3d 504, 507 (5th Cir. 1999).

Bradden alleged that he was denied prescription medication in deliberate indifference to his serious medical needs. The magistrate judge[**] held that the complaint was frivolous because Bradden's claims lacked an arguable legal basis. Bradden has failed to demonstrate that the defendants were deliberately indifferent to a serious medical need or that the magistrate judge erred by dismissing the complaint as frivolous. Velasquez v. Woods, 329 F.3d 420, 421 (5th Cir. 2003); Domino v. Texas Dep't of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001). Accordingly, we affirm the dismissal of the complaint.

The dismissal of the complaint and this court's affirmance of the dismissal count as one strike against Bradden for purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996). Bradden is warned that, should he accumulate three strikes, he will be barred from proceeding IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

AFFIRMED; SANCTION WARNING ISSUED.

---

[**] The parties consented to proceed before a magistrate judge pursuant to 28 U.S.C. § 636(c).