United States Court of Appeals
Fifth Circuit

**F I L E D**

June 21, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-50357
Conference Calendar

ERIC MICHAEL WHITFIELD,

Plaintiff-Appellant,

versus

DOUG DRETKE, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
CORRECTIONAL INSTITUTIONS DIVISION; THOMAS A. DAVIS,
Director, Texas Department of Public Safety Laboratory; DAVID
MCEATHRON, Assistant Director, Texas Department of Public
Safety Laboratory; TROY SCARBOROUGH, Administrator Associate;
TOM GREFF, Nurse Manager; ROGER D. POWELEK, Warden; LINDA
BASALDUA-CONO, Licensed Vocational Nurse; SHANE E. PIPER,
Licensed Vocational Nurse; SAMUEL SAMORA, Captain,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:04-CV-740
--------------------

Before STEWART, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Eric Michael Whitfield, Texas prisoner # 1134493, seeks
leave to proceed in forma pauperis (IFP) following the district
court's certification pursuant to 28 U.S.C. § 1915(a)(3) that his
appeal is not taken in good faith.  Whitfield commenced this
civil rights action alleging that his Fourth Amendment rights

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

were violated when blood samples were taken from him on two occasions for the purpose of obtaining DNA information. Whitfield asserted that he was threatened with the use of force and with receiving a disciplinary violation if he did not submit to the blood tests. The district court granted the defendants' motion to dismiss the action, holding that Whitfield had failed to state a claim.

Liberally construing Whitfield's IFP application, as we must, he contends only that the district court erred in its certification decision because he stated a constitutional claim based on his having been threatened and coerced into providing DNA samples. The collection of DNA samples from prisoners under DNA collection programs is reasonable under the Fourth Amendment. See Groceman v. United States Dep't of Justice, 354 F.3d 411, 413 (5th Cir. 2004); Velasquez v. Woods, 329 F.3d 420, 421 (5th Cir. 2003). Allegations of verbal threats relating to obtaining the samples do not state a cognizable constitutional claim. See Bender v. Brumley, 1 F.3d 271, 274 n.4 (5th Cir. 1993). Accordingly, Whitfield's appeal is without arguable merit and is frivolous. See Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983); 5TH CIR. R. 42.2. Therefore, his motion for leave to proceed IFP is denied, and his appeal is dismissed.

The district court's dismissal of Whitfield's action and our dismissal of his appeal count as two strikes for purposes of 28 U.S.C. § 1915(g). Whitfield is warned that should he

accumulate three strikes for purposes of 28 U.S.C. § 1915(g) he will be unable to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.

MOTION DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.