United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 13, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-10265
Conference Calendar

_____

RICKEY DEAN MCINTIRE,

Plaintiff-Appellant,

versus

NFN HANNIGAN, Grand Prairie Detective #210;
NFN ZACHARIAS, Grand Prairie Police Officer #290;
NFN STEELMAN, Officer #266 of the Grand Prairie Police
Department; NFN CHERRY, Seargent #143 of the Grand Prairie
Police Deparmtent; NFN HOGAN, Officer #275 of the Grand Prairie
Police Department; NFN ANGUIANO, Officer #225 of the Grand
Prairie Police Department; NFN BROWN, Officer #134 of the Grand
Prairie Police Department; NFN GIBSON, Officer #237 of the Grand
Prairie Police Department; NFN FRYSINGER, Officer, Grand Prairie
Police Department; STEPHANIE ALVARADO, Magistrate Judge,
Grand Prairie; MIKE SHAW, Chief of Police, Grand Prairie
Police Department; GRAND PRAIRIE POLICE FORCES CONFIDENTIAL
INFORMANT CITIZEN SHAWN; TARRANT COUNTY JAIL ADMINISTRATOR;
DALLAS COUNTY; CITY OF GRAND PRAIRIE; CITY OF FORT WORTH;
DEE ANDERSON, Sheriff of Tarrant County,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:06-CV-107
--------------------

Before BARKSDALE, GARZA, and CLEMENT, Circuit Judges.

PER CURIAM:*

Rickey Dean McIntire, Texas prisoner # 808172, appeals the

district court's dismissal of his 42 U.S.C. § 1983 complaint as

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

malicious pursuant to 28 U.S.C. § 1915A(b)(1).  The dismissal of a complaint under § 1915A is reviewed de novo.  <u>Velasquez v. Woods</u>, 329 F.3d 420, 421 (5th Cir. 2003).

McIntire does not dispute that this lawsuit raises substantially the same claims that he raised in <u>McIntire v. Grand Prairie Police Dep't</u>, No. 4:04-CV-951-A (N.D. Tex. 2005), but he argues that the dismissal of this complaint was error because No. 4:04-CV-951-A was dismissed without prejudice and his claims are still timely under Texas law.

Our records do not support McIntire's contention that No. 4:04-CV-951-A was dismissed without prejudice.  The district court dismissed No. 4:04-CV-951-A pursuant to 28 U.S.C. § 1915(e).  Although the order of dismissal did not specifically state that the complaint was dismissed with prejudice, a dismissal pursuant to § 1915(e) is deemed to be with prejudice unless the district court specifies otherwise.  <u>Marts v. Hines</u>, 117 F.3d 1504, 1506 (5th Cir. 1997) (en banc).

We therefore conclude that this appeal is without arguable merit and that it should be dismissed as frivolous.  5TH CIR. R. 42.2; <u>Howard v. King</u>, 707 F.2d 215, 220 (5th Cir. 1983).

The dismissal of No. 4:04-CV-951-A, the dismissal of the current complaint by the district court, and the dismissal of this appeal all count as strikes under 28 U.S.C. § 1915(g). <u>Adepegba v. Hammons</u>, 103 F.3d 383, 387-88 (5th Cir. 1996).  As McIntire now has accumulated at least three strikes under

§ 1915(g), he is barred from proceeding in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  § 1915(g).

APPEAL DISMISSED; 28 U.S.C. § 1915(g) BAR IMPOSED.