# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 3, 2011

No. 10-40985
Summary Calendar

Lyle W. Cayce
Clerk

ARTHUR LOWE,

Plaintiff-Appellant

v.

NANCY DAVENPORT; ROBERT CRISS,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:10-CV-176

Before WIENER, GARZA,  and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Arthur Lowe, Texas prisoner # 669750, appeals the magistrate judge's dismissal of his 42 U.S.C. § 1983 action pursuant to 28 U.S.C. § 1915A(b) as frivolous and for failure to state a claim on which relief may be granted.  We review the dismissal of Lowe's claims de novo.  *See Velasquez v. Woods*, 329 F.3d 420, 421 (5th Cir. 2003).  A claim may be dismissed as frivolous if it does not have an arguable basis in fact or law.  *Gonzales v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998).  A claim may be dismissed for failure to state a claim

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

on which relief may be granted if, assuming all well pleaded facts are true, the plaintiff has not stated "enough facts to state a claim to relief that is plausible on its face." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks and citation excluded).

Lowe asserts that Nancy Davenport, a clinical nurse specialist at the Michael Unit (Michael) of the Texas Department of Criminal Justice, Correctional Institutions Division, was deliberately indifferent to his serious medical needs because she prescribed Zoloft, Desipramine, and Celexa for him knowing that these drugs would cause him deleterious side effects. He maintains that Davenport instructed him to keep taking Zoloft even though he was suffering such side effects from it and put him back on Celexa after taking him off Celexa because it had caused him to get sick. He contends that he was treated by Davenport and Robert Criss, a licensed professional counselor who was the mental health practice manager at Michael, only after repeated complaints and referrals, and that their delay in treating him caused him to become disfigured as a side effect of one of the drugs. Lowe insists that the failure of Davenport and Criss to correctly treat him constitutes wanton disregard for his serious medical needs.

According to Lowe's allegations, Davenport saw him repeatedly and changed the dosage or type of his medication when he complained of side effects. Although Lowe alleged that Davenport took him off all anti-depressants, he acknowledged that this was because he had side effects from all of the available formulary anti-depressants. Regarding Criss, Lowe alleged only that Criss told him that Davenport was responsible for prescribing his medications. Lowe has not alleged that Criss had any authority to prescribe medications or to direct Davenport to prescribe medications. Lowe has not alleged any facts showing that the defendants knew that he had a serious medical need and refused to treat that need. At most, Lowe has alleged that he disagrees with the medical treatment he received and that the medical treatment he received was

ineffective. This is insufficient to state a viable claim for deliberate indifference to serious medical needs. *See Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001).

Lowe's appeal is without arguable merit and is frivolous. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Because the appeal is frivolous, it is dismissed. *See* 5TH CIR. R. 42.2.

The dismissal of this appeal as frivolous counts as a strike under 28 U.S.C. § 1915(g), as does the district court's dismissal of the complaint. *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Lowe has previously accumulated two strikes. *See Lowe v. Richardson*, No. 10-40954, 2011 WL 1533426, at *1 (5th Cir. Apr. 22, 2011) (unpublished). As Lowe has now accumulated three or more strikes, he is barred from proceeding in forma pauperis pursuant to § 1915 while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

APPEAL DISMISSED; 28 U.S.C. § 1915(g) BAR IMPOSED.