# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-30898
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 7, 2014

Lyle W. Cayce
Clerk

STERLING J. BLADE,

Plaintiff-Appellant

v.

TIMOTHY KEITH; DOCTOR ENGELSON; PAT THOMAS; NICOLE WALKER,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:12-CV-1995

Before STEWART, Chief Judge, and JOLLY and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Sterling J. Blade, Louisiana prisoner # 405748, appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) as frivolous and for failure to state a claim upon which relief may be granted. In his complaint, Blade alleged that the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-30898

defendants were deliberately indifferent to his serious medical needs based upon a failed tooth extraction and an eight month delay in having the tooth surgically removed.

Blade argues that the district court erred by dismissing his complaint. He maintains that Dr. Engelson deprived him of proper medical treatment by aggravating the problem with his tooth by breaking the tooth under the gums. He contends that the delay in having the tooth surgically removed was unreasonable and that Dr. Engelson knew about the seriousness of the problem. He contends that he told Warden Timothy Keith, Assistant Warden Nicole Walker, and Medical Director Pat Thomas about the problem and that they did not assist him.

We review the dismissal of Blade's complaint de novo. *See Velasquez v. Woods*, 329 F.3d 420, 421 (5th Cir. 2003). A claim may be dismissed as frivolous if it does not have an arguable basis in fact or law. *Gonzales v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). A claim may be dismissed for failure to state a claim upon which relief may be granted if, assuming all well pleaded facts are true, the plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks and citation excluded).

Blade's allegations that Dr. Engelson did not use the proper anesthetics before attempting to remove his tooth and that Dr. Engelson broke his tooth below his gums without extracting it are insufficient to state a viable claim because they show, at most, that Blade disagreed with the treatment provided by Dr. Engelson and that Dr. Engelson may have committed malpractice or provided ineffective treatment. *See Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir. 1999); *Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995).

No. 13-30898

Blade's allegations showed that he continued to receive treatment after the failed extraction of his tooth as Dr. Engelson proscribed him pain medication and antibiotics, and Dr. Engelson put him on the referral list for the LSU Oral Surgery Clinic on three occasions. Thus, while Blade may have disagreed with the treatment he received after the failed tooth extraction, he did not allege that the defendants refused to provide him treatment. Although Blade asserted that it took too long for his tooth to be surgically removed, his allegations showed that he was quickly put on the referral list for the LSU Oral Surgery Clinic, and Blade did not allege that the defendants had any control over how quickly a surgery could be scheduled with the LSU Oral Surgery Clinic. Given these circumstances, Blade's allegations did not rise to the level of deliberate indifference to serious medical needs, and the district court did not err by dismissing the complaint. *See Stewart*, 174 F.3d at 534-38.

The district court's dismissal of Blade's complaint as frivolous and for failure to state a claim counts as a strike for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996). Blade is CAUTIONED that if he accumulates three strikes, he will not be able to proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

AFFIRMED; SANCTION WARNING ISSUED.