# IN THE UNITED STATES COURT OF APPEALS`
## FOR THE FIFTH CIRCUIT

No. 13-11096
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 13, 2014

Lyle W. Cayce
Clerk

JOSEPH OYE OGUNTODU, also known as Ayoola Oguntodu,

Plaintiff-Appellant

v.

TONY PATE, Law Librarian; SAMANTHA CARROLL, Correction Officer III; PAUL WAKEFIELD, Sergeant; TOMMIE KING, Correction Officer V; MUNOZ, Correction Officer V,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:13-CV-81

Before DeMOSS, OWEN, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Joseph Oye Oguntodu, Texas prisoner # 1728590, appeals the dismissal of his pro se, in forma pauperis (IFP), 42 U.S.C. § 1983 suit alleging that the defendants violated his constitutional rights by misconstruing his request to make a will as a suicidal thought, placing him in administrative segregation, leaving him there cold and naked without a blanket for 10 hours, transferring

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

him to a psychiatric unit against his will, and then placing him in a maximum security unit instead of returning him to the minimum security unit in which he had been housed previously.   The district court dismissed Oguntodu's complaint against certain defendants as frivolous, and it dismissed his complaint against the remaining defendants for failure to state a claim upon which relief could be granted.  *See* 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c).  Oguntodu unsuccessfully sought reconsideration of his claims in a motion filed pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, and he is proceeding IFP on appeal.

We review the dismissal of Oguntodu's complaint de novo.  *See Velasquez v. Woods*, 329 F.3d 420, 421 (5th Cir. 2003).  A claim is frivolous if it does not have an arguable basis in fact or law.  *Gonzales v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998).  A claim may be dismissed for failure to state a claim upon which relief may be granted if, assuming all well pleaded facts are true, the plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face."  *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks and citation omitted).

In his appellate brief, Oguntodu reiterates the facts he alleged in the district court.  He also asserts that the staff at his new maximum security housing unit has been violating his constitutional rights.  He does not, however, address the reasons given by the district court for dismissing the claims he raised in the instant complaint.  Accordingly, he has abandoned any challenge to the judgment of the district court.  *See Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Oguntodu's appeal is without arguable merit and is dismissed as frivolous.  *See Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983); 5TH CIR. R. 42.2.  The dismissal of this appeal as frivolous and the district court's

No. 13-11096

dismissal of Oguntodu's complaint as frivolous and for failure to state a claim each count as a strike for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Oguntodu has already accumulated two other strikes. *See Oguntodu v. Gary*, No. 13-11099 (5th Cir. May 9, 2014). Accordingly, Oguntodu may no longer proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g). Oguntodu is further cautioned that any future frivolous, repetitive, or otherwise abusive filings in the district court or in this court will subject him to additional and progressively more severe sanctions, as will his failure to withdraw any pending matters that are frivolous, repetitive, or otherwise abusive.

APPEAL DISMISSED AS FRIVOLOUS; 28 U.S.C. § 1915(g) BAR IMPOSED; SANCTION WARNING ISSUED.