# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-20042
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 20, 2015

Lyle W. Cayce
Clerk

BRANDON M. CONWAY,

Plaintiff–Appellant,

versus

ATTORNEY DON HECKER;
TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
  Institutional Division, Records Department;
BOT WAREHOUSE; TEXAS BOARD OF PARDONS & PAROLES,

Defendants–Appellees.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:14-CV-3580

Before HIGGINBOTHAM, SMITH, and OWEN, Circuit Judges.

PER CURIAM:[*]

Brandon Conway, Texas prisoner # 01777537, filed this 42 U.S.C. § 1983 suit for redress against the attorney who was appointed to represent him in his criminal proceedings and to challenge the veracity of information in his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-20042

records and the use of those records in his parole proceedings. The district court dismissed the suit as frivolous and for failure to state a claim upon which relief could be granted under 28 U.S.C. § 1915(e)(2)(B), and this appeal ensued. Review is *de novo*. *See Black v. Warren*, 134 F.3d 732, 733-34 (5th Cir. 1998). Consideration of the record, Conway's filings, and authority shows no error in the judgment.

Conway's contention that the district court should not have dismissed his suit under § 1915(e)(2)(B) because he wanted to pay the filing fee is undermined by the record, which shows that he asked the court for authorization to proceed *in forma pauperis* ("IFP"). His argument that the court erred by not considering certain claims is unavailing, because the entry of judgment of dismissal shows that the court rejected all the claims raised therein. *See Soffar v. Dretke*, 368 F.3d 441, 470-71 (5th Cir. 2004). The rest of Conway's arguments likewise lack merit.

To raise a valid § 1983 claim, one must show that a state actor infringed his constitutional rights. *Doe v. Rains Cnty. Indep. Sch. Dist.*, 66 F.3d 1402, 1406 (5th Cir. 1995). Court-appointed attorneys are not state actors for § 1983 purposes when they are performing a lawyer's traditional functions as counsel in a criminal proceeding. *Polk Cnty. v. Dodson*, 454 U.S. 312, 317–18 (1981). Because Conway's claims against the lawyer arise from that attorney's representation in the criminal proceedings, the district court did not err in dismissing them. *See id.*

Because Texas law and regulations do not create a constitutionally protected liberty interest in parole, *Johnson v. Rodriguez*, 110 F.3d 299, 305 (5th Cir. 1997); *Creel v. Keene*, 928 F.2d 707, 712 (5th Cir. 1991), Texas prisoners cannot attack any state parole-review procedure on due-process grounds, *Johnson*, 110 F.3d at 308. Accordingly, the district court did not err in

2

No. 15-20042

dismissing the claims concerning the procedures used to deny parole and the denial of parole. *See Doe*, 66 F.3d at 1406. Finally, Conway has no constitutional right to the removal of information from his prison record even if it is false. *See Velasquez v. Woods*, 329 F.3d 420, 421–22 (5th Cir. 2003).

Conway has demonstrated no error in connection with the judgment, nor has he shown that we should grant his motions for appointed counsel and injunctive relief. Consequently, the judgment is AFFIRMED, and all outstanding motions are DENIED.

Additionally, Conway is informed that the affirmance of the dismissal counts as one strike for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996); *see also Coleman v. Tollefson*, 135 S. Ct. 1759, 1763-64 (2015). Conway is cautioned that if he accumulates three strikes, he will no longer be allowed to proceed IFP in any civil action or appeal filed while he is detained or incarcerated in any facility unless he is in imminent danger of serious physical injury. *See* § 1915(g).