# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-30985
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 28, 2017

Lyle W. Cayce
Clerk

KENNETH ROBERTS,

Plaintiff-Appellant

v.

RIVER CORRECTIONAL CENTER; KENNETH HEDRICK,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:16-CV-512

Before HIGGINBOTHAM, JONES, and SMITH, Circuit Judges.

PER CURIAM:*

Kenneth Roberts, Louisiana prisoner # 386858, filed a § 1983 complaint against the River Correctional Center (RCC), Sheriff Kenneth Hedrick, and an unnamed doctor and unnamed nurse employed at RCC. He alleged that the defendants violated his Eighth Amendment right to be free from cruel and unusual punishment by being deliberately indifferent to his serious medical needs. The district court, sua sponte, dismissed the complaint for failure to

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

state a claim upon which relief may be granted under 28 U.S.C. §§ 1915(e)(2)(b) and 1915A. We review such a dismissal de novo. *Velasquez v. Woods*, 329 F.3d 420, 421 (5th Cir. 2003).

In determining whether a complaint fails to state a claim, we apply the same standard of review that is applicable to dismissals made under Rule 12(b)(6) of the Federal Rules of Civil Procedure and "will uphold a dismissal if, taking the plaintiff's allegations as true, it appears that no relief could be granted based on the plaintiff's alleged facts." *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009) (internal quotation marks and citation omitted). "A prison official violates the Eighth Amendment's prohibition against cruel and unusual punishment when his conduct demonstrates deliberate indifference to a prisoner's serious medical needs." *Sama v. Hannigan*, 669 F.3d 585, 590 (5th Cir. 2012) (internal quotation marks and citation omitted); *see Farmer v. Brennan*, 511 U.S. 825, 847 (1994); *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994) (applying *Farmer* to medical claims). A prisoner cannot establish deliberate indifference based on acts of negligence or medical malpractice. *Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir. 1999).

Since the inception of this action, Roberts has characterized the action as one for medical negligence. On appeal, Roberts has not shown that he alleged that the RCC medical staff knew he faced a substantial risk of serious harm and disregarded that risk. *See Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010). To the extent that Roberts suggests that the RCC nurse was retaliating against him for a prior grievance, has provided no facts to support the inference of retaliation by the RCC nurse. *See Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995).

On appeal Roberts continues to argue incorrectly that RCC and Sheriff Hedrick are liable for the RCC medical staff's alleged constitutional violations

solely because they were responsible for the employees' actions. *See Thompson v. Upshur Cnty.*, 245 F.3d 447, 459 (5th Cir. 2001) (internal quotation marks and citation omitted). Finally, Roberts argues that the district court erred by dismissing his complaint without granting his request for discovery. This contention is without merit. *See Southwestern Bell Tel., LP v. City of Houston*, 529 F.3d 257, 263 (5th Cir. 2008) (Rule 12(b)(6) case).

For the foregoing reasons, Roberts has not shown that the district court erred in determining that his complaint failed to state a claim upon which relief could be granted.

**AFFIRMED**.