# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

August 1, 2018

Lyle W. Cayce
Clerk

No. 17-11027
Summary Calendar

DAVID G. SCHOOR,

Plaintiff-Appellant

v.

MIKE BROWN, Attorney at Law; JUDGE BRADLEY UNDERWOOD,
Lubbock County Courthouse; DISTRICT ATTORNEY; SHERIFF; BARBARA
SUCSY, District Clerk at Lubbock County Courthouse; TEXAS
DEPARTMENT OF CRIMINAL JUSTICE DIRECTOR; SENIOR WARDEN,
W.P. Clements Unit,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:17-CV-93

Before DAVIS, HAYNES, and GRAVES, Circuit Judges.

PER CURIAM:[*]

David G. Schoor, Texas prisoner # 1509964, filed this 42 U.S.C. § 1983
civil rights complaint against Attorney Mike Brown, Judge Bradley
Underwood, the District Attorney of Lubbock County, the Sheriff of Lubbock
County, Clerk Barbara Sucsy, the Director of the Texas Department of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 17-11027

Criminal Justice, and the Senior Warden of the W.P. Clements Unit, in their individual capacities, alleging that his conviction, judgment, and sentence were illegal and unconstitutional because they were based on a "void" indictment, and that the defendants had violated Texas law and procedures. Schoor sought as relief immediate release from confinement, expungement of his sentence, judgment, and conviction, and monetary damages in the amount of $100,000,000.

The district court concluded that Schoor's complaint was frivolous, malicious, and failed to state a claim and dismissed his claims with prejudice pursuant to 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and 42 U.S.C. § 1997e. The district court determined that Schoor's claim for money damages was barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Concluding that Schoor was challenging the "fact or duration" of his sentence, the court stated that his appropriate remedy was to seek such relief in an application for habeas corpus. The district court determined that Judge Underwood was entitled to absolute judicial immunity; that the district attorney and all deputy district attorneys were entitled to absolute prosecutorial immunity; and that Schoor's claims were barred by Texas's two-year statute of limitations. The district court declined to exercise pendent jurisdiction over any state law claims, and liberally construing his complaint as a diversity action raising state law claims, dismissed it without prejudice pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of jurisdiction.

We review the district court's dismissal of a complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) for an abuse of discretion. *See Harper v. Showers*, 174 F.3d 716, 718 & n. 3 (5th Cir. 1999). A § 1915(e)(2)(B)(ii) dismissal for failure to state a claim is reviewed under the same de novo standard as a dismissal under Federal Rule of Civil Procedure 12(b)(6). *Black*

No. 17-11027

*v. Warren*, 134 F.3d 732, 733-34 (5th Cir. 1998). The standard of review for dismissals under § 1915A and § 1997e is de novo. *Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir.1998). Because the district court referred to all of the above statutes in dismissing Schoor's claims, review is de novo. *See Velasquez v. Woods*, 329 F.3d 420, 421 (5th Cir. 2003).

Schoor argues that the district court abused its discretion by improperly dismissing his complaint. He argues that he sued the defendants in their individual capacities so as to overcome any claim of Eleventh Amendment immunity.

Pro se briefs are afforded liberal construction. *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993). Nevertheless, when an appellant fails to identify any error in the district court's analysis, it is the same as if the appellant had not appealed that issue. *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Because Schoor has failed to challenge any legal aspect of the district court's disposition of the claims raised in his complaint, he has abandoned the critical issues of this appeal. *See Brinkmann*, 813 F.2d at 748. Because Schoor's appeal presents no legal points arguable on their merits, the appeal is DISMISSED as frivolous. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983); 5TH CIR. R. 42.2.

We hereby inform Schoor that the dismissal of this appeal as frivolous counts as a strike for purposes of § 1915(g), in addition to the strike for the district court's dismissal. *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1761-64 (2015); *Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996). We caution Schoor that once he accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

APPEAL DISMISSED; SANCTION WARNING ISSUED.