United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 19, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-11398
Summary Calendar

MARK ANTHONY JONES,

Plaintiff-Appellant,

versus

LYDIA HUDNELL; WILLIAM MABRY,

Defendants-Appellees.

--------------------
Appeals from the United States District Court
for the Northern District of Texas
USDC No. 2:05-CV-285
--------------------

Before JOLLY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Mark Anthony Jones, Texas prisoner # 515060, proceeding pro se
and in forma pauperis, appeals the district court's dismissal of
his 42 U.S.C. § 1983 complaint for failure to state a claim. Jones
raised various claims for relief based on the defendants' roles in
refusing to allow him to bring his personal property on a prison
transport bus. We review the district court's dismissal de novo.
See Velasquez v. Woods, 329 F.3d 420, 421 (5th Cir. 2003).

Jones alleged that the defendants' action resulted in a denial
of access to the courts; Jones has failed to adequately brief this

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

issue on appeal. Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987); Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993). Jones also argues that the defendants are not entitled to qualified immunity. We do not consider this argument; the district court did not dismiss the complaint based on qualified immunity.

Jones asserts that the defendants' actions constituted retaliation. Because Jones cannot show that the allegedly adverse act constituted more than a de minimis injury, he has failed to state a valid retaliation claim. Morris v. Powell, 449 F.3d 682, 685-86 (5th Cir. 2006), petition for cert. filed (Sep. 18, 2006) (No. 06-6798).

Jones asserts that the defendants were deliberately indifferent to his medical limitations, which restricted the amount of weight that he could safely carry. Jones, however, concedes that after he complained to prison officials, the number of items he was required to carry was reduced due to his medical limitations. Jones has not stated a claim of deliberate indifference. See Harris v. Hegmann, 198 F.3d 153, 156 (5th Cir. 1999).

Jones asserts that the defendants violated prison policies that allowed prisoners to carry one bag of personal property onto the transport bus. A violation of prison regulations, without more, does not give rise to a federal constitutional violation. Hernandez v. Estelle, 788 F.2d 1154, 1158 (5th Cir. 1986). Jones

also asserts that he was the victim of "disparate treatment." Jones has not shown that he was intentionally treated differently, without a rational basis for the distinction, from similarly situated inmates. Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000).

Jones raised several state law claims, which the district court declined to consider. Bass v. Parkwood Hosp., 180 F.3d 234, 246 (5th Cir. 1999). The district court did not abuse its discretion in dismissing the state law claims without prejudice. Batiste v. Island Records, Inc., 179 F.3d 217, 226 (5th Cir. 1999); 28 U.S.C. § 1367(c)(3).

Jones's appeal lacks arguable merit and is dismissed as frivolous. See 5TH CIR. R. 42.2; Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). The district court's dismissal of the § 1983 suit and this dismissal count as two strikes for purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996). Jones is cautioned that if he accumulates three strikes under § 1915(g), he will not be able to proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See § 1915(g).

APPEAL DISMISSED; SANCTION WARNING ISSUED.