# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 17, 2013

Lyle W. Cayce
Clerk

No. 12-10980
Summary Calendar

EVANGELOS PAGONIS,

Plaintiff-Appellant

v.

TEXAS DEPARTMENT OF CRIMINAL JUSTICE; STATE OF TEXAS;
DALHART UNIT; BARRY MARTIN, Warden; KENYON PAGE, Unit Health
Administrator; UNIVERSITY OF TEXAS MEDICAL BRANCH/ TTCMHC,
Heath Care Contract Provider; KIMBERLY FISK, Physicians Assistant;
ROBERT CALBERT, Correction Officer 3; RICK THALER, DIRECTOR, TEXAS
DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS
DIVISION; RICK PERRY, State Governor,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:11-CV-177

Before WIENER, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Evangelos Pagonis, Texas prisoner # 1626253, filed a civil rights complaint against Rick Perry, the governor of Texas; Rick Thaler, director of the Texas Department of Criminal Justice (TDCJ); Barry Martin, warden of the Dalhart

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Unit of the TDCJ; Kenyon Page, the Dalhart Unit Health Administrator; the University of Texas Medical Branch/TTCMHC, a health care provider for the Dalhart Unit; Kimberly Fisk, a physician's assistant (PA) working at the Dalhart Unit; and Robert Calbert, a corrections officer at that same unit. He argued that the defendants violated his Eighth Amendment right to be free from cruel and unusual punishment by failing to provide timely and adequate medical care when he broke his wrist. He appeals from the district court's dismissal of his complaint as frivolous and for failure to state a claim upon which relief may be granted and the district court's denial of his motions to alter or amend the final judgment pursuant to Federal Rule of Civil Procedure 59(e).

On appeal, Pagonis challenges only the dismissal of his claims against Officer Calbert and PA Fisk. He identifies no error in the district court's dismissal of his claims against the remaining defendants or the denial of his Rule 59(e) motions. He has waived any challenge he might have raised regarding those decisions. *See Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). For the first time, Pagonis asserts that the defendants violated his rights under the Universal Declaration of Human Rights. We will not consider the issue. *See Spotts v. United States*, 613 F.3d 559, 569-70 (5th Cir. 2010).

Pagonis contends that the district court erred in dismissing his claims against Officer Calbert and PA Fisk on the ground that his allegations established no more than negligence. He asserts that Officer Calbert's failure to obtain emergency medical care was deliberately indifferent because the deformity in his wrist was so obvious that even a lay person would have recognized the need for a doctor's immediate attention. The allegations in Pagonis's § 1983 complaint belie that assertion. Pagonis restates his allegation that PA Fisk caused his wrist to heal improperly by providing inadequate medical care and failing to refer him to a specialist in a timely manner. His

argument does not show that Fisk was deliberately indifferent to his medical needs. *See Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991).

AFFIRMED.