# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-10438
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 12, 2013

Lyle W. Cayce
Clerk

EVANGELOS PAGONIS, also known as Angelos Pagonis,

Plaintiff-Appellant

v.

SAN ANTONIO POLICE DEPARTMENT CHIEF OF POLICE; B. WILLIAMS, Detective San Antonio Police Department; UNITED STATES DEPARTMENT OF HOMELAND SECURITY - IMMIGRATION AND CUSTOMS ENFORCEMENT AGENTS; ANDREA DOAKES, Agent, Immigration and Customs; UNNAMED AGENT; WILLIAM L BASKETTE; NFN WALLACE, Garza West Unit Classifications Texas Department of Criminal Justice Officer; NFN MESSER, Dalhart Unit Classifications Officer; JONI WHITE, Huntsville Head Classification Officer,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:13-CV-23

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-10438

Evangelos Pagonis, Texas prisoner # 1626253, appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) and 42 U.S.C. § 1997e(c)(1) as frivolous and for failure to state a claim upon which relief could be granted. In relation to his appeal, Pagonis has filed motions to amend his appellate brief, for the appointment of counsel, to supplement the record on appeal, and for leave to supplement his appellate brief with an attachment. Pagonis's motion to amend his brief is granted. His remaining motions are denied.

We review de novo the dismissal of Pagonis's complaint, accepting the facts alleged in the complaint as true and viewing them in the light most favorable to the plaintiff. *See Green v. Atkinson*, 623 F.3d 278, 280 (5th Cir. 2010); *Velasquez v. Woods*, 329 F.3d 420, 421 (5th Cir. 2003).

In his §1983 complaint, Pagonis argued that the defendants denied him his right, as a foreign national, to consular access as required under Article 36(1)(b) of the Vienna Convention on Consular Relations even though he was identified as a foreign national and placed under an immigration detainer. He asserted that his lack of consular access deprived him of a fair trial. Pagonis sought reversal and remand and damages.

Pagonis does not argue on appeal that the district court erred in rejecting, for failure to state a claim upon which relief could be granted, his request for reversal and remand. Accordingly, he has abandoned any claim he might have raised challenging the district court's determination that his sole federal remedy for contesting his criminal conviction is through 28 U.S.C. § 2254. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993); *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Pagonis does challenge the district court's dismissal of his claim for damages. He notes that other circuits have held that the Vienna Convention

No. 13-10438

provides a private right of enforcement.  However, we have held that Article 36 of the Vienna Convention did not create "judicially enforceable rights of consultation between a detained foreign national and his consular office." *United States v. Jimenez-Nava*, 243 F.3d 192, 198 (5th Cir. 2001).  Pagonis has not shown that the district court erred by dismissing his argument as frivolous. *See Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005).  Accordingly, the judgment of the district court is affirmed.

The district court's dismissal of Pagonis's § 1983 complaint as frivolous and for failure to state a claim counts as a strike for purposes of § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996).  A previous § 1983 complaint filed by Pagonis was dismissed as frivolous and for failure to state a claim in district court, and that dismissal was affirmed on appeal. *See Pagonis v. Texas Dep't of Criminal Justice*, 518 F. App'x 328, 329 (5th Cir. 2013). Pagonis now has two strikes, and he is CAUTIONED that if he accumulates three strikes, he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See § 1915(g).

AFFIRMED; MOTION TO AMEND BRIEF GRANTED; MOTIONS FOR APPOINTMENT OF COUNSEL, TO SUPPLEMENT THE RECORD, AND TO SUPPLEMENT BRIEF DENIED; SANCTION WARNING ISSUED.