# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-11137
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 12, 2014

Lyle W. Cayce
Clerk

ANTHONY C. MADU,

Plaintiff-Appellant

v.

FORT WORTH POLICE DEPARTMENT; JONI WHITE, TDCJ Classification Manager; GENE MESSER, Dalhart Unit Classification Officer; STEVEN GORDON; LATEPH ADENIJI; U.S. IMMIGRATION AGENTS, DHS/ICE,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:13-CV-769

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Anthony C. Madu, Texas prisoner # 1533348, appeals the district court's dismissal of his 42 U.S.C. § 1983 action pursuant to 28 U.S.C. § 1915A(b)(1) as frivolous and for failure to state a claim upon which relief may be granted. In his complaint, Madu, a Nigerian citizen, alleged that the defendants violated his rights under Article 36 of the Vienna Convention by failing to notify the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-11137

Nigerian Consulate of his arrest and by failing to notify him of his right to consular access.

Madu argues that the district court erred by dismissing his complaint because Article 36 of the Vienna Convention created an individually enforceable right. He maintains that, under Texas law, the violation of Article 36 of the Vienna Convention in his case should have resulted in the suppression of all of the evidence against him. For the first time on appeal, he asserts that his guilty plea was constitutionally invalid because his appointed counsel did not inform him of his right to seek consular assistance and did not warn him of the immigration consequences of his guilty plea.

We review the dismissal of Madu's complaint de novo. *See Velasquez v. Woods*, 329 F.3d 420, 421 (5th Cir. 2003). A claim may be dismissed as frivolous if it does not have an arguable basis in fact or law. *Gonzales v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). A claim may be dismissed for failure to state a claim upon which relief may be granted if, assuming all well pleaded facts are true, the plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks and citation omitted).

While the International Court of Justice has held that Article 36 of the Vienna Convention created an individually enforceable right, that ruling is not enforceable in domestic courts. *See Medellín v. Texas*, 552 U.S. 491, 504-12 (2008). We have consistently held that Article 36 of the Vienna Convention did not create "judicially enforceable rights of consultation between a detained foreign national and his consular office." *United States v. Jimenez-Nava*, 243 F.3d 192, 198 (5th Cir. 2001); *see also Leal Garcia v. Quarterman*, 573 F.3d 214, 218 n.19 (5th Cir. 2009); *Medellín v. Dretke*, 371 F.3d 270, 280 (5th Cir.

No. 13-11137

2004).  We cannot consider Madu's claims that his counsel provided ineffective assistance by failing to advise him regarding Article 36 or the immigration consequences of his guilty plea because they were not raised in the district court.  *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999).

Madu's appeal is without arguable merit and is frivolous.  *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).  Because the appeal is frivolous, it is dismissed.  *See* 5TH CIR. R. 42.2.

The dismissal of this appeal as frivolous and the district court's dismissal of the complaint both count as strikes under 28 U.S.C. § 1915(g).  *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996).  Madu is cautioned that if he accumulates three strikes, he will not be able to proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  *See* § 1915(g).

APPEAL DISMISSED; SANCTION WARNING ISSUED.