# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-60576

United States Court of Appeals
Fifth Circuit

**FILED**

May 5, 2015

Lyle W. Cayce
Clerk

DARNELL BALDWIN,

Plaintiff-Appellant

v.

DAVID ABSTON, Pickens County Alabama Sheriff; KEITH COX, Pickens County Sheriff Det.; JOHN MCBRIDE, Pickens County Sheriff Det.; KENNY DIXON, Marshall County Mississippi Sheriff; JOHN DOE, Pickens County Sheriff Det.; JOHN #1 DOE, Marshall County Sheriff Det.; JOHN #2 DOE, Marshall County Sheriff Det.; JAMES STREETER, Warden; JAMES TUNSTALL, GEO Group/MCCF K-9 Officer; STEVE GURLEY, MDOC/MCCF/GEO Group CID; BEVERLY MCMULLIN, MDOC/MCCF Case Manager; EMMITT SPARKMAN, MDOC Deputy Commissioner,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 3:14-CV-23

Before SMITH, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Darnell Baldwin, Mississippi prisoner # R5564, moves for leave to proceed in forma pauperis (IFP) on appeal from the dismissal of his 42 U.S.C.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-60576

§ 1983 complaint for failure to state a claim. In his complaint, he alleged that various prison officials violated his constitutional rights by forcing him to provide a DNA sample without a proper warrant and by reducing his classification to "C" custody for 35 days because he was the subject of an investigation into possible criminal activity. The district court dismissed Baldwin's complaint for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii), denied his IFP motion, and certified that the appeal was not taken in good faith.

By moving to proceed IFP in this court, Baldwin is challenging the district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry into a litigant's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).

The district court did not err in dismissing the complaint for failure to state a claim. Baldwin argues that the district court erred because it did not apply the standard in *Bailey v. Procunier*, 744 F.2d 1166, 1168-69 (5th Cir. 1984). *Bailey* is inapposite as it concerns the standard for obtaining 28 U.S.C. § 2254 relief for the erroneous admission of prejudicial evidence. *See Bailey*, 744 F.2d at 1168-69. Baldwin's Fourth Amendment claim concerning the collection of his DNA lacks merit. "[A]lthough collection of DNA samples from prisoners implicates Fourth Amendment concerns, such collections are reasonable in light of an inmate's diminished privacy rights, the minimal intrusion involved, and the legitimate government interest in using DNA to investigate crime." *Groceman v. United States Dep't of Justice*, 354 F.3d 411, 413 (5th Cir. 2004); *see also Velasquez v. Woods,* 329 F.3d 420, 421 (5th Cir. 2003).

No. 14-60576

Baldwin does not address or identify any error in the district court's dismissal of (1) his claim against defendants Abston, Dixon, Streeter, and Sparkman; and (2) his claim challenging the classification change.  By failing to brief these issues, Baldwin has abandoned them on appeal.  *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993); *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

For the first time on appeal, Baldwin asserts that (1) his due process rights were violated because he was placed in oppressive custody for merely asserting his constitutional rights; and (2) his Fifth Amendment right against self-incrimination was violated when he was forced to provide the DNA sample. Baldwin may not raise an issue for the first time on appeal merely because he believes that he might prevail if given the opportunity to try a different theory. *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999).

Because Baldwin has not shown that he will raise a nonfrivolous issue on appeal, his IFP motion is DENIED, and his appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 & n.24; *Howard*, 707 F.2d at 219-20; *see* 5TH CIR. R. 42.2.  Baldwin is WARNED that the dismissal of this appeal as frivolous counts as a "strike" under § 1915(g), as does the district court's dismissal of his complaint.  *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996).